1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL ALBERT JENKINS, | 1:11-cv-00805-LJO-GSA-PC |
| Plaintiff, | SCREENING ORDER |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND <br> (Doc. 1.) |
| JAMES A. YATES, et al., | |
| Defendants. | ORDER STRIKING SUPPLEMENTAL COMPLAINT <br> (Doc. 17.) |
| _____/ | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

I.      **RELEVANT PROCEDURAL HISTORY**

Jamal Albert Jenkins ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. This action was initiated by civil Complaint filed by Plaintiff on April 28, 2011, at the United States District Court for the Northern District of California. (Doc. 1.) On May 16, 2011, the case was transferred to the Eastern District of California. (Doc. 7.) On June 7, 2012, Plaintiff submitted a Supplemental Complaint, which was filed by the Clerk. (Doc. 17.)

1    Plaintiff's original Complaint, filed on April 28, 2011, is now before the Court for screening.

2    **II.    SCREENING REQUIREMENT**

3    The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

8    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

9    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

10   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

11   **III.    SUMMARY OF COMPLAINT**

12   Plaintiff is presently incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga,

13   California, where the events at issue allegedly occurred. Plaintiff names as defendants James A.

14   Yates (Warden of PVSP), Anthony S. Lonigro (CEO of PVSP Health Services), J. Clark Kelso

15   (Health Care Services Receiver), and Captain C. Herrera.

16   Plaintiff alleges as follows in the Complaint. Plaintiff suffers from a medical condition

17   known as Paruresis or Shybladder Syndrome, which makes it difficult for those afflicted to urinate

18   in front of other people. In Plaintiff's case, it is his cell mates that trigger the agonizing effect of not

19   being able to urinate. As a result of this condition, Plaintiff suffers extreme agony, misery,

20   deteriorating mental and physical health, and pain that feels like having white hot coals lodged in

21   his bladder on a daily basis. Defendants refuse to provide him with treatment for Paruresis despite

22   Plaintiff's many impassioned entreaties over the years. Plaintiff's prison appeals have been promptly

23   screened out. The CDCR has placed Plaintiff in the Mental Health Delivery System for suffering

24   Paruresis and possibly undiagnosed mental illness.

25   Three separate physicians and nurses at PVSP and ISP have voiced concerns that Plaintiff's

26   prescription for Terazosin is not the right medication for Plaintiff's illness, but PVSP medical has

27   refused to provide the correct medication. Plaintiff is afraid to make requests because PVSP medical

28   may take away the Terazosin without a replacement, in reprisal. Plaintiff's requests, made directly

2

1  to Defendants, have been ignored.  Plaintiff also takes 1200 to 2400 mg of Ibuprofen to mask his

2  bladder pain, but only urination eliminates the pain.  PVSP Psychiatrist Dr. Encarnacion (not named

3  as a defendant) prescribed antidepressants for Plaintiff's anxiety, but the side effects made it more

4  difficult for Plaintiff to urinate.  Plaintiff's anxiety is escalating.

5         Correctional officers or other CDCR employees have divulged confidential information from

6  Plaintiff's medical file and inmate appeals to other prisoners, and Plaintiff's cell mates use that

7  information to cause Plaintiff extreme agony.  Plaintiff has repeatedly requested either single cell

8  status or a cell mate who has an AM program, but correctional officers have responded by placing

9  Plaintiff with cell mates who deliberately exacerbate his illness.  CDCR employees at PVSP are

10 subjecting Plaintiff to a campaign of harassment, deliberately exacerbating Plaintiff's illness.

11 Defendants refuse to protect Plaintiff from the ongoing campaign of harassment.  Plaintiff's illness

12 is exacerbated by the arbitrary and capricious rolling lockdowns, training days, staff shortages,

13 mystery down days, and legitimate security lockdowns, which disrupt Plaintiff's schedule.  Placing

14 Plaintiff on single cell status would put an end to this unsafe condition of confinement.

15        Plaintiff requests monetary damages, declaratory and injunctive relief, and court costs and

16 fees.

17 **IV.    PLAINTIFF'S CLAIMS**

18        The Civil Rights Act under which this action was filed provides:

19        Every person who, under color of [state law] . . . subjects, or causes to be subjected,
        any citizen of the United States . . . to the deprivation of any rights, privileges, or
20       immunities secured by the Constitution . . . shall be liable to the party injured in an
        action at law, suit in equity, or other proper proceeding for redress.

21
22 42 U.S.C. § 1983. "Section 1983 . . .  creates a cause of action for violations of the federal

23 Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

24 (internal quotations omitted).

25        To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

26 color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

27 law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects'

28 another to the deprivation of a constitutional right, within the meaning of section 1983, if he does

an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Johnson at 743-44).

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The Court finds the allegations in Plaintiff's Complaint vague and conclusory. Plaintiff has not alleged facts in the Complaint demonstrating that any of the individual named Defendants personally acted in a way that resulted in the violation of Plaintiff's constitutional rights. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

With respect to Plaintiff's ADA claim, Plaintiff fails to show that he is a qualified person with a disability under the ADA, or that he was improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity, or discriminated against because of his disability.

1   Because Plaintiff has failed to state a claim against any of the Defendants, the Complaint

2   must be dismissed.  The Court will, however, grant leave to file an amended complaint.  The Court

3   will also provide Plaintiff with legal authority which may or may not be relevant to the claims he is

4   attempting to assert, as follows.

5                    **1.      Conditions of Confinement Claim – Eighth Amendment**

6        "An Eighth Amendment claim that a prison official has deprived inmates of humane

7   conditions of confinement must meet two requirements, one objective and the other subjective."

8   Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995).  The objective

9   requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal

10  civilized measure of life's necessities.'"  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

11  To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence.

12  Neither negligence nor gross negligence will constitute deliberate indifference.  Farmer, 511 U.S.

13  at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).

14       The deliberate indifference standard involves both an objective and a subjective prong.  First,

15  the alleged deprivation must be, in objective terms, "sufficiently serious."  Id. at 834.  Second,

16  subjectively, the prison official must "know of and disregard an excessive risk to inmate health or

17  safety."  Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove

18  knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very

19  obviousness of the risk may be sufficient to establish knowledge.  Farmer, 511 U.S. at 842; Wallis

20  v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

21                    **2.      Failure to Protect Claim – Eighth Amendment**

22       The Eighth Amendment protects prisoners from inhumane methods of punishment and from

23  inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

24  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with

25  food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer, 511 U.S. at 832-33,

26  (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to

27  protect inmates from physical abuse.  Id.; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

28  ///

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834.  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.  Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

### 3.    Medical Care Claim – Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle, 429 U.S. at 104.  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim ///

6

of deliberate indifference to serious medical needs. <u>McGuckin</u> at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

 "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id.</u> at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837. "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id.</u> (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. <u>Id.</u> at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." <u>Id.</u> (citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

### 4. **Harassment**

Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

### 5. **Equal Protection Claim**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne, Tex. v. Cleburne Living Center</u>, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); <u>Shakur v. Schriro</u>, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, <u>Comm. Concerning Cmty. Improvement v. City of Modesto</u>, 583 F.3d 690, 702-03

1   (9th Cir. 2009); <u>Serrano v. Francis</u>, 345 F.3d 1071,1082 (9th Cir. 2003), <u>Lee v. City of Los Angeles</u>,

2   250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated

3   differently without a rational relationship to a legitimate state purpose, <u>Engquist v. Oregon</u>

4   <u>Department of Agr.</u>, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); <u>Village of Willowbrook v. Olech</u>,

5   528 U.S. 562, 564, 120 S.Ct. 1073 (2000); <u>Lazy Y Ranch Ltd. v. Behrens</u>, 546 F.3d 580, 592 (9th

6   Cir. 2008); <u>North Pacifica LLC v. City of Pacifica</u>, 526 F.3d 478, 486 (9th Cir. 2008).

7          **6.   Due Process Claim**

8         The Due Process Clause protects prisoners from being deprived of liberty without due

9   process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a cause of action

10   for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty

11   interest for which the protection is sought. Liberty interests may arise from the Due Process Clause

12   itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983). With respect to liberty

13   interests arising from state law, the existence of a liberty interest created by prison regulations is

14   determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84

15   (1995). Liberty interests created by prison regulations are limited to freedom from restraint which

16   "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

17   prison life." <u>Id</u>. at 484.

18         "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply

19   of rights due a defendant in such proceedings does not apply." <u>Wolff</u>, 418 U.S. at 556. With respect

20   to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1)

21   written notice of the charges; (2) at least 24 hours between the time the prisoner receives written

22   notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written

23   statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action;

24   (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not

25   be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the

26   prisoner where the prisoner is illiterate or the issues presented are legally complex. <u>Id</u>. at 563-71.

27   As long as the five minimum <u>Wolff</u> requirements are met, due process has been satisfied. <u>Walker</u>

28   <u>v. Sumner</u>, 14 F.3d 1415, 1420 (9th Cir. 1994). "Some evidence" must support the decision of the

1  hearing officer.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The standard is not particularly

2  stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support

3  the conclusion reached . . . ."  Id. at 455-56 (emphasis added).

4              **7.    Inmate Appeals Process**

5          Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims

6  for relief under section 1983 for violation of due process.  "[A prison] grievance procedure is a

7  procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow,

8  997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982));

9  see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of

10 appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641,

11 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann

12 v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty

13 interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568

14 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a

15 prisoner's administrative appeal, without more, are not actionable under section 1983.  Buckley, 997

16 F.2d at 495.

17             **8.    ADA Claim**

18         "Title II of the ADA prohibits discrimination on the basis of disability."  Lovell v. Chandler,

19 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with

20 a disability shall, by reason of such disability, be excluded from participation in or be denied the

21 benefits of the services, programs, or activities of a public entity, or be subject to discrimination by

22 such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.

23 Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v.

24 Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir.

25 1996).

26 ///

27 ///

28 ///

9

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability;[1] (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

"'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405 at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).

Individual liability is precluded under Title II of the ADA. Thus, any claim Plaintiff might intend to make under the ADA against individual Defendants is not cognizable. Moreover, in order to state a claim under the ADA, Plaintiff must have been "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." Armstrong, 124 F.3d at 1023.

## V.    SUPPLEMENTAL COMPLAINT - RULE 15(d)

On June 6, 2012, Plaintiff submitted a Supplemental Complaint, bringing allegations arising after Plaintiff's original Complaint was filed, and the Supplemental Complaint was filed by the Clerk. (Doc. 17.)

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A party may only file a supplemental complaint with

---

[1]Under the ADA, "[t]he term 'disability' means, with respect to an individual-(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. § 12102 (West).

leave of court.  Id.  When considering whether to allow a supplemental complaint, the Court considers factors such as whether allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile.  See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

Plaintiff has not requested, nor been granted, leave of court to file a Supplemental Complaint. Moreover, because Plaintiff's original Complaint is dismissed by this order with leave to amend, there is no operative complaint to supplement, making it futile at this juncture to file a Supplemental Complaint.  Therefore, Plaintiff's Supplemental Complaint shall be stricken from the record. Plaintiff is not foreclosed from bringing a motion to file a Supplemental Complaint at a later stage of the proceedings, if he wishes.

**VI.    CONCLUSION**

The Court finds that Plaintiff's original Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  Therefore, the original Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000).   Plaintiff is granted leave to file an amended complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that

each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after April 28, 2011.  In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on April 28, 2011.

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's original Complaint, filed on April 28, 2011, is DISMISSED for failure to state a claim, with leave to amend;

2.    The Clerk is DIRECTED to send to Plaintiff a civil rights complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;

4.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-00805-LJO-GSA-PC;

12

5.      Plaintiff's Supplemental Complaint, filed on June 6, 2012, is STRICKEN from the record; and

6.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.


IT IS SO ORDERED.

   **Dated:** __**July 12, 2012**__          _____/s/ **Gary S. Austin**_____
                                             UNITED STATES MAGISTRATE JUDGE