# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL ALBERT JENKINS, | 1:11-cv-00805-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| JAMES A. YATES, et al., | (Doc. 14.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I. BACKGROUND

Jamal Albert Jenkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. Plaintiff filed the Complaint commencing this action on April 28, 2007. (Doc. 1.)

On October 4, 2011, Plaintiff filed a motion for preliminary injunctive relief, which is now before the Court. (Doc. 14.)

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1)

1

1  a combination of probable success and the possibility of irreparable harm, or (2) that serious
2  questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air</u>
3  <u>Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must
4  demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an injunction should not issue if the
5  plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff "must
6  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
7  <u>Id</u>.

8      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
9  have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103
10 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and</u>
11 <u>State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d
12 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has
13 no power to hear the matter in question. <u>Id</u>.  Thus, "[a] federal court may issue an injunction [only]
14 if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may
15 not attempt to determine the rights of persons not before the court." <u>Zepeda v. United States</u>
16 <u>Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985).

17     By separate order, the court dismissed Plaintiff's Complaint for failure to state a claim.
18 Plaintiff has been granted leave to file an amended complaint within thirty days.  At this juncture,
19 the court does not yet have before it an actual case or controversy, nor does the court have
20 jurisdiction over any of the defendants in this action. <u>Zepeda</u>, 753 F.2d at 727.

21 **III.    CONCLUSION AND RECOMMENDATION**

22     Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for
23 preliminary injunctive relief, filed on October 4, 2011, be DENIED.

24     These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days
26 after being served with these findings and recommendations, plaintiff may file written objections
27 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
28 and Recommendations."  Plaintiff is advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 12, 2012**                              /s/ **Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE