# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL ALBERT JENKINS,<br><br>           Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>           Defendants.<br>_____/ | 1:11-cv-00805-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 20.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.    RELEVANT PROCEDURAL HISTORY**

Jamal Albert Jenkins ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se and in forma pauperis with this civil rights action pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. This action was initiated by civil Complaint filed by Plaintiff on April 28, 2011, at the United States District Court for the Northern District of California. (Doc. 1.) On May 16, 2011, the case was transferred to the Eastern District of California. (Doc. 7.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915 and entered an order on July 13, 2012, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 18.) On August 9, 2012, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 20.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events at issue allegedly occurred. Plaintiff names as defendants James A. Yates (Warden of PVSP), Anthony S. Lonigro (Chief Executive Officer of PVSP Health Services), J. Clark Kelso (Health Care Services Receiver), and Captain C. Herrera.

Plaintiff alleges as follows in the First Amended Complaint. Plaintiff suffers from a rare but serious medical condition known as Paruresis or Shybladder Syndrome, which makes it difficult for those afflicted to urinate in front of other people. Some courts have recognized this condition as a mental disability which is covered under the Americans With Disabilities Act. Plaintiff alleges that since 2008, CDCR Primary Care Providers have failed to provide him appropriate treatment, which caused Plaintiff to suffer unnecessary and degenerative injury.

Plaintiff alleges that defendant J. Clark Kelso, Health Care Services Receiver, decided a policy in response to Plaintiff's condition: "...your condition has no medical solution because the situation was unrelated to a physical condition." First Amd Cmp at 4 ¶11. Plaintiff also alleges that the Receiver's Office has not provided him with medically acceptable treatment. Plaintiff alleges that defendant Anthony S. Lonigro followed defendant Kelso's policy and therefore failed to provide him with appropriate medical treatment. Plaintiff also alleges that the Primary Care Providers under defendant Lonigro's supervision have expressed that they are unable to treat Plaintiff's Paruresis.

Plaintiff alleges that unnamed Appeals Coordinators have arbitrarily screened out Plaintiff's inmate appeals, thus denying Plaintiff appropriate medical treatment under defendant Lonigro's policy and practice. Plaintiff claims that the Appeals Coordinators' arbitrary screening has caused a "chilling effect on the assertion of legitimate claims." First Amd Cmp. at 6 ¶19.

Plaintiff requests monetary damages, preliminary and permanent injunctive relief, declaratory relief, and costs and fees.

## IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

///

### A.   **Supervisory Liability**

Plaintiff names as defendants persons employed in supervisory positions and seeks to hold them liable in their supervisory capacity. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Liability may not be imposed on supervisory personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the other Defendants in their supervisory capacity, the Court finds that Plaintiff fails to state a cognizable claim.

### B.   **ADA Claim**

"Title II of the ADA prohibits discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex

4

rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Plaintiff seeks to bring an ADA claim because he was not provided adequate medical treatment for a condition known as Paruresis or Shybladder Syndrome. Plaintiff has not alleged facts demonstrating that he was "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." Armstrong, 124 F.3d at 1023. Thus, the Court finds that Plaintiff fails to state a cognizable claim under the ADA.

### C.   Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from

5

which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that he suffers from a serious medical condition which causes him continuous excruciating abdominal pain. However, Plaintiff fails to make factual allegations demonstrating that any of the Defendants consciously disregarded an excessive risk to his health or safety. At most, Plaintiff alleges a difference of opinion about medical treatment, which is not actionable under § 1983. Therefore, the Court finds that Plaintiff fails to state a cognizable Eighth Amendment medical claim against any of the defendants.

**D.     Inmate Appeals Process**

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann

6

v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983.  Buckley, 997 F.2d at 495.

Plaintiff alleges that unnamed Appeals Coordinators arbitrarily screened out Plaintiff's inmate appeals.  Because actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983, the Court finds that Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

### E.     Retaliation

To state a claim for retaliation under the First Amendment, Plaintiff must satisfy five elements.  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).   First, the plaintiff must allege that the retaliated-against conduct is protected.  The filing of an inmate grievance is protected conduct.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). Second, the plaintiff must claim the defendant took adverse action against the plaintiff.  Id. at 567.  The adverse action need not be an independent constitutional violation.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  "[T]he mere threat of harm can be an adverse action . . . ." Brodheim, 584 F.3d at 1270.  Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct.  Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal.  Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.3d 106, 108-09 (7th Cir. 1987).  Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n. 11.  Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . . ." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  A

7

plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, Plaintiff alleges that unnamed Appeals Coordinators arbitrarily screened out Plaintiff's inmate appeals, causing a "chilling effect on the assertion of legitimate claims." First Amd Cmp. at 6 ¶19. To the extent that Plaintiff alleges that Appeals Coordinators retaliated against him by screening out his inmate appeals, the court finds that Plaintiff fails to state a cognizable claim. Plaintiff has not alleged a causal connection between the adverse action and the protected conduct, or alleged that screening out Plaintiff's complaints did not advance legitimate goals of the correctional institution.

### F. Policy Decision

To state a claim against a defendant under § 1983, the plaintiff must allege some facts indicating that the defendant either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor, 880 F.2d at 1045. In this instance, Plaintiff claims that defendant J. Clark Kelso, Health Care Services Receiver, made policy when he decided that Plaintiff's condition, Paruresis or Shybladder Syndrome, has no medical solution because the situation is unrelated to a physical condition. However, Plaintiff has not alleged facts indicating that a policy was promulgated or implemented, or that any such policy is a repudiation of constitutional rights and is the moving force of one or more constitutional violations against Plaintiff. Therefore, the Court finds that Plaintiff fails to state a cognizable claim against defendant Kelso for making a policy decision.

### VI. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. Therefore, the First Amended Complaint should be dismissed for failure to state a claim. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two

complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 6, 2012                    /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE