IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL ALBERT JENKINS,<br><br>        Plaintiff,<br><br>    vs.<br><br>JAMES A. YATES, et al.,<br><br><br><br>        Defendants.<br>_____/ | 1:11-cv-00805-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL COMPLAINT<br>(Doc. 23.)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 25.)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER § 1983<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>ORDER DIRECTING CLERK TO CLOSE CASE |

Jamal Albert Jenkins ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 2, 2012, findings and recommendations were entered, recommending that this action be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983. On January 2, 2012, Plaintiff filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, Plaintiff argues that his case should not be dismissed without resolution of his pending motion for leave to file a supplemental complaint, filed on August 9, 2012. A supplemental complaint, which is different than an amended complaint, adds allegations to the complaint of events occurring after the original complaint was filed. Fed. R. Civ. P. 15(d). Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Id. A party may only file a supplemental complaint with leave of court. Id. When considering whether to allow a supplemental complaint, the Court considers factors such as whether allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile. See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)). Here, in light of the Magistrate Judge's findings that the operative complaint in this action fails to state any cognizable claims and should be dismissed it would be futile for Plaintiff to file a supplemental complaint. Therefore, Plaintiff's motion to file a supplemental complaint is denied. Should Plaintiff wish to pursue claims arising after this case was filed, his remedy is to file a new complaint.

Accordingly, THE COURT HEREBY ORDERS that:

1. Plaintiff's motion to file a supplemental complaint, filed on August 9, 2012, is DENIED;
2. The Findings and Recommendations issued by the Magistrate Judge on December 2, 2012, are ADOPTED in full;

///

3. This action is DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

4. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and

5. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **January 8, 2013**              /s/  Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE